IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| PATRICK CONELY § | |
|     TDCJ-CID NO. 1165621 § | |
| v. § | C.A. NO. C-11-333 |
| § | |
| RICK THALER § | |

**OPINION DISMISSING PETITIONER'S
MOTION FOR AN OUT-OF-TIME APPEAL AS MOOT**

Petitioner is a state prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. (D.E. 1). On October 11, 2011, he filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241, 2254, challenging a disciplinary proceeding. Pending is Petitioner's motion to file an out-of-time appeal. (D.E. 25). For the following reasons, this motion is denied as being moot.

## I. PROCEDURAL BACKGROUND

Petitioner filed this action on October 11, 2011, seeking to invalidate the penalties imposed following a disciplinary proceeding. (D.E. 1). On December 27, 2011, Respondent filed a motion for summary judgment, seeking dismissal because the claims were without merit. (D.E. 13). On February 11, 2012, a memorandum and recommendation to grant the motion was issued, (D.E. 18), which was adopted by the Court on March 9, 2012. (D.E. 21). Final judgment was entered disposing of the case in Respondent's favor on March 12, 2012. (D.E. 22).

On March 16, 2012, Petitioner mailed a document entitled "Petitioner's Motion For Extension of Time to File Brief and/or Certificate of Appealability" to the Fifth Circuit. (D.E. 25, at 1). The Fifth Circuit clerk returned the motion on April 3, 2012, directing Petitioner to first file a notice of appeal with the district court. Id. at 3.

On April 2, 2012, Petitioner sent a document entitled "Petitioner's COA With Brief In

Support" to the Fifth Circuit. (D.E. 24, at 1, 13). This document was date-stamped as received by the Fifth Circuit on April 6, 2012. Id. at 1. On April 13, 2012, the Fifth Circuit forwarded this document to this Court with the instruction to "treat this motion as a notice of appeal and transmit to this court." (D.E. 24-2, at 1).

On April 19, 2012, Petitioner submitted this "motion for out of time appeal" to this Court, (D.E. 25), as well as a separate attached document declaring "I hereby give notice of my appeal." (D.E. 26). A certificate of service indicates that these documents were mailed on April 12, 2012. (D.E. 25, at 2). On April 20, 2012, the Clerk of the Court acknowledged that a notice of appeal was filed. (D.E. 27).

## II. DISCUSSION

The Federal Rules of Appellate Procedure govern appeals in federal appellate courts. Fed. R. App. Proc. 1(a)(1). These rules specify the minimum requirements for a notice of appeal:

> The notice of appeal must:
>
> (A) specify the party taking the appeal by naming each one in the caption or body of the notice ...;
>
> (B) designate the judgment, order, or part thereof being appealed; and
>
> (C) name the court to which the appeal is taken.

Fed. R. App. P. 3(c)(1). In addition, Rule 4 establishes that "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).

Nevertheless, Rule 3(c)(4) provides that "[a]n appeal must not be dismissed for

2

informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." The Supreme Court has further elaborated that "[i]mperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." Becker v. Montgomery, 532 U.S. 757, 767 (2001). So long as "the filing is timely under Rule 4 and conveys the information as required by Rule 3(c)," the form of the instrument seeking appeal is immaterial. Smith v. Barry, 502 U.S. 244, 249 (1992); see also N.Y. Life Ins. Co. v. Deshotel, 142 F.3d 873, 884 (5th Cir. 1998) ("courts construe a notice of appeal liberally to avoid technical barriers to review") (citing Smith). Finally, a prisoner timely files a notice of appeal by delivering the notice to prison authorities to forward to the district court within the deadline. Houston v. Lack, 487 U.S. 266, 270-71 (1988).

     Petitioner's motion is moot and his concerns are unfounded. His notice of appeal, (D.E. 26), which was placed in the prison mailing system on April 12, 2012, (D.E. 25, at 2), was sent within thirty days after the entry of final judgment on March 12, 2012. (D.E. 22); see also Williams v. Massey, 384 F. App'x 335, 336 (5th Cir. 2010) (per curiam) (unpublished) (following an unfavorable disposition, "the 30-day period for filing a notice of appeal began to run the next day"). The content of the notice of appeal is sufficient to dispel any genuine doubt that it is Petitioner who seeks to appeal the final judgment to the Fifth Circuit. (D.E. 26, at 1). Therefore, his notice of appeal was both timely filed and contained the minimum requisite information.

     More significantly, the Fifth Circuit construed his earlier April 2, 2012 "Motion For Extension of Time to File Brief and/or Certificate of Appealability" document as a notice of

appeal, as indicated by the instruction to this Court's clerk to "treat this motion as a notice of appeal and transmit to this court." (D.E. 24-2, at 1). Accordingly, this Court's clerk confirmed the "Notice of The Filing of an Appeal" on April 20, 2012. (D.E. 27). As a result, the Fifth Circuit docketed his appeal. Conley v. Thaler, No. 12-40438 (5th Cir.). The object of this motion has already been obtained; therefore, it is moot.

### III.  CONCLUSION

Based on the foregoing reasons, Petitioner's motion to file an out-of-time appeal, (D.E. 25), is DISMISSED as moot.

ORDERED this 2nd day of May 2012.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE